Filed 5/25/22  P. v. Paynter CA3
(see dissenting opinion)

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C093953 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CR-003060) |
| v. | |
| JOHN MARTIN PAYNTER, | |
| Defendant and Appellant. | |

Defendant John Martin Paynter appeals the trial court's imposition of court fees and a restitution fine after denying his request for an ability to pay hearing.  We affirm.

BACKGROUND

Due to the limited scope of issues presented on appeal, a full recital of the facts is unnecessary.  It suffices to say that, according to the victim, defendant had been "continually harassing and threatening him."  The victim reported that things came to a head the night of December 27, 2020, when defendant threatened to kill the victim and

1

his family and burn their house down, threw rocks at the victim's house, and picked up a branch and raised it over his head to hit the victim.

Defendant pleaded guilty to making criminal threats and admitted a prior serious felony allegation. The trial court sentenced defendant to eight years in prison and imposed a $30 conviction assessment (Gov. Code, § 70373), a $40 court operations assessment (Pen. Code, § 1465.8),[1] a $600 restitution fine (§ 1202.4, subd. (b)), and a $600 parole revocation restitution fine, stayed pending successful completion of parole (§ 1202.45).

According to the presentencing probation report, defendant was then 40 years old, homeless, unemployed, addicted to drugs, and diagnosed with schizophrenia. However, he worked every day "doing odd jobs for several elderly people" and was "earning enough money to feed himself." He had a valid driver's license and had received his high school diploma.

At sentencing, defense counsel stated, "[I]n regards to the fines and fees, we are asking the Court to allow [defendant] to serve it out concurrently or hold a hearing as to his ability to pay. I have been appointed to represent him as a public defender and as noted in the probation report he is currently without a home and without employment. So I don't believe he would have the opportunity or ability to pay."

The court responded, "The fact that [defendant] may be currently indigent does not indicate that he is not able to pay those fines and fees. Even if I take what you say as an offer of proof, they will be incorporated into the record."

DISCUSSION

Defendant contends he was entitled to a "proper hearing, affording [him] the opportunity to present evidence and witnesses to demonstrate whether he is indigent and

---

[1] Undesignated statutory references are to the Penal Code.

unable to afford the fine and fees assessed against him." Such a hearing, he argues, is required under due process and equal protection principles, as set forth in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), and the federal and state constitutional prohibitions of excessive fines, as set forth in *People v. Cowan* (2020) 47 Cal.App.5th 32, review granted June 17, 2020, S261952 (*Cowan*). Conceding *Dueñas* requires remand, the People do not address defendant's claim under *Cowan*. We find no merit to either claim.

A. Dueñas

Relying on *Dueñas*, defendant contends, and the People concede, that the trial court erred in imposing the court fees and restitution fine after refusing defendant's request for an ability to pay hearing. Because we believe *Dueñas* was wrongly decided, we decline the concession.

*Dueñas* held "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under . . . section 1465.8 and Government Code section 70373." (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.) *Dueñas* also held that "although . . . section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Dueñas*, at p. 1164.)

Our Supreme Court will resolve whether *Dueñas* was correctly decided, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court operations and court facilities assessments under section

3

1465.8 and Government Code section 70373, but not restitution fines under section 1202.4.  (*Kopp, supra*, at pp. 95-96.)

In the meantime, we join those authorities that have concluded the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding.  (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279-282; *People v. Hicks* (2019) 40 Cal.App.5th 320, 326-329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1068-1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)

Therefore, defendant's claim based on *Dueñas* lacks merit.

B.      Cowan

Relying on *Cowan*, defendant further contends that the trial court's refusal to hold an ability to pay hearing violated the excessive fines prohibitions in the federal and state Constitutions.  Defendant misreads *Cowan*.

*Cowan* held that "[b]ecause ability to pay is an element of the excessive fines calculus under both the federal and state Constitutions, we conclude that a sentencing court may not impose court operations or facilities assessments or restitution fines without giving the defendant, on request, an opportunity to present evidence and argument why such monetary exactions exceed his ability to pay." (*Cowan, supra*, 47 Cal.App.5th at p. 48, rev.gr.)  However, *Cowan* pointedly stated:  "Making an ability-to-pay record in the trial court need not entail a contested evidentiary hearing in every case. It can often be done by simple offer of proof." (*Id*. at pp. 48-49.)  Here, the court did just that when it made an ability to pay record based on defendant's offer of proof of his indigency, transience, and unemployment.  *Cowan* requires nothing more.

Therefore, defendant's claim based on *Cowan* lacks merit.

4

## DISPOSITION

The judgment is affirmed.


                                                             KRAUSE               , J.


I concur:



_____ HOCH _____, J.

ROBIE, Acting P.J., Dissenting.

Defendant John Martin Paynter appeals the trial court's denial of his request for an ability-to-pay hearing. At sentencing, defendant's counsel requested an ability-to-pay hearing because defendant was homeless and unemployed. (Maj. opn. *ante*, at p. 2.) The trial court responded his current indigency did not indicate a lack of ability to pay. (*Ibid*.) The trial court imposed a $30 court facilities assessment, a $40 court operations assessment, and a $600 restitution fine. (*Ibid*.) Defendant believes he is entitled to an ability-to-pay hearing under the constitutional principles set forth in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 and the federal and state constitutional prohibitions on excessive fines as set forth in *People v. Cowan* (2020) 47 Cal.App.5th 32, review granted June 17, 2020, S261952.

I disagree with the majority's conclusion *Dueñas* was wrongly decided. (Maj. opn. *ante*, at p. 3.) I believe *Dueñas* is good law. Defendant objected on the grounds that his indigency indicated a lack of ability to pay and stated he wished to have a hearing in that regard. The trial court's comment that current indigency *cannot* indicate a potential lack of ability to pay, and thus no hearing would be afforded to hear evidence as to defendant's lack of ability to pay makes no sense. I would affirm the judgment of conviction and prison sentence but vacate the monetary sentence and remand the matter for a hearing on defendant's ability to pay.


                                                                   ___ROBIE_____, Acting P.J.

1